**The relief described hereinbelow is SO ORDERED.**

**Signed August 14, 2019.**

_____
Ronald B. King
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Duke Smith, ) | Case No. 18-52144 |
| ) | |
| Debtor. ) | |
| ) | |

### ORDER CONFIRMING CHAPTER 11 PLAN OF REORGANIZATION OF DUKE SMITH AS MODIFIED

Upon consideration of the Chapter 11 Plan of Reorganization (the "Plan"), filed on May 8, 2019 by Duke Smith (the "Debtor"), (ii) the transmittal of the Plan to all creditors and parties in interest in compliance with the Order Approving the Disclosure Statement entered on July 5, 2019, (iii) the Certificate of Vote, and (iv) the evidence submitted at the hearing on confirmation of the Plan held on August 14, 2019, the Court finds and rules as follows:

The Debtor has satisfied all the requirements of 11 U.S.C. §§ 1129(a)(11)-(16) and (b)(2), as relevant.

Accordingly, the Court hereby orders the following:

1. Confirmation. The Plan, incorporated herein by reference, is hereby **CONFIRMED** (the "Confirmation Order") as modified herein.

2. As to Hays County taxing authority, the Plan is modified as follows:

   a) The 2019 ad valorem taxes owed to Hays County shall be paid in the ordinary course of business and said taxing entities shall not be required to file a request for allowance and payment of its claims.

   b) Hays County shall retain all liens until such taxes are paid in full.

   c) In the event that any part of the retained property is sold during the term of the Plan, the unpaid taxes secured by said property shall be paid in full upon the sale of the property. If any property which secures the ad valorem tax claims is foreclosed by any lienholder, Taxing Jurisdictions shall be free to pursue its state law remedies for collection of all amounts due under the Texas Property Tax Code.

   d) Default shall occur if the 2019 ad valorem taxes are not paid timely pursuant to state law. In the event of default the taxing entities may proceed with state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code without further notice or order of the Court.

3. Authorization. The Debtor is hereby authorized and directed to take all such action and execute all such documents as are necessary or appropriate to implement, effectuate, and consummate the Plan. This order shall constitute such authority as may be required and may be recorded in all applicable Registries of Deeds or similar repositories of public records. No further evidence of such authority or approval other than a certified copy of this Order shall be required or necessary.

4. Binding Effect. The provisions of the Plan shall be binding upon the Debtor and any creditor whether or not such creditor has accepted the Plan upon entry of this Order and the expiration of any stay provided by Fed. R. Bank. P. 3020(e).

5. Effective Date. The Effective Date of the Plan, unless otherwise defined in the Plan, is thirty (30) days after the date on which this Order becomes final and non-appealable (in either case, the "Effective Date"). If the Effective Date fails to occur, then upon notice and a hearing, the Plan may be determined to be null and void in all respects, including any action taken in or purported to be effective through the Plan.

6. Timing and Contingency of Discharge. As provided by 11 U.S.C. § 1141(d)(5) and Fed. R. Bankr. P 4004(c) (4) and paragraph 15 below, the Debtor may apply for a discharge. Confirmation of the Plan does not discharge the Debtor of any debt provided for in the Plan until the Court grants a discharge.

7   Vesting. Except as otherwise provided in the Plan, as of the Effective Date and in accordance with 11 U.S.C. § 1141(b) and (c), all property and assets of the Debtor shall be vested in the Debtor and all property dealt with in the Plan shall be free and clear of all claims and interests of creditors.

8.  Quarterly Fees and Reports. The Debtor will be responsible for timely payment of quarterly fees incurred pursuant to 28 U.S.C. § 1930(a)(6) until Debtor's case is administratively closed, converted or dismissed, whichever occurs first. After confirmation, the Debtor shall serve the United States trustee with a quarterly disbursement report for each quarter (or portion thereof) so long as the case is open. The quarterly disbursement report shall be due fourteen (14) days after the end of the calendar quarter and shall include the following:

    a   a statement of all disbursements made during the course of the quarter, by month, whether or not pursuant to the Plan;

    b.  a summary, by class, of amounts distributed or property transferred to each recipient under the Plan, and an explanation of the failure to make any distributions or transfers of property under the Plan, if any;

    c.  a description of any other factors which may materially affect the Debtor's ability to complete its obligations under the Plan; and

    d.  an estimated date when an application for final decree will be filed with the court (in the case of the final quarterly report, the date the decree was filed).

9.  Injunction. If and only if the Plan provides for an injunction and, except as expressly provided for in the Plan, the following actions are enjoined, stayed, and restrained until the Debtor completes payments under the Plan or otherwise obtains a discharge under 11 U.S.C. §1141(d)(5)(A) or (B): (i) the commencement or continuation of any action, and (ii) the employment of any process or the taking of any act to collect, recover or offset any claims which (a) arose against the Debtor or property of the estate prior to the date of this Order, and (b) are provided for by the Plan. The injunction shall be effective as of the Confirmation Date and, absent further order of this Court, shall terminate no later than the date that is 90 days after the date provided in the Plan for the completion of payments to priority and unsecured creditors. Any creditor so enjoined may move for relief in this Court from this injunction upon default by the Debtor on a Plan obligation to that creditor, or otherwise for cause shown.

10. Claims Objections. Except as expressly provided otherwise in the Plan, any objections not yet made to a Claim shall be filed with the Court and served on the holder of such Claim within 120 days of the Effective Date; unless further extended by the Court, provided, however, that, if later, an objection to a Rejection Claim, as defined in

paragraph 10 below, shall be filed with the Court and served on the holder of such Claim within thirty (30) days after the filing of such Claim.

11. Executory Contract Claims. Any claims for damages arising from the rejection of any executory contract or unexpired lease ("Rejection Claims") pursuant to the Plan shall be forever barred unless a proof of claim thereof is filed with the Court within thirty (30) days after the later of the date of entry of (i) an order by the Court approving the rejection of such contract or lease or (ii) the Confirmation Date; provided, however, that nothing herein shall affect any bar date heretofore established for the filing of such claims. The failure to file and serve such Rejection Claim timely and properly shall result in the Rejection Claim being forever barred and discharged unless waived by the Debtor or otherwise ordered by the Court.

12. Modified Secured Claims. In the event the Plan provides for the modification of a secured claim, the holder of the secured claim or its agent, must provide (i) to the Debtor and counsel to the Debtor, if any, no later than thirty (30) days after the Effective Date, a document entitled "Modified Loan Summary" which includes the principal amount due, interest rate, the term of the modified loan, an amortization schedule for the modified loan, and the terms of any tax or insurance expense escrow account, as set forth in the Plan; and (ii) to the Debtor commencing no later than thirty(30)days after the Effective Date, and thereafter for each month during the term of the modified secured claim, monthly bills in the amount due on account of installment payments on the modified secured claim, as set forth in the Plan. Said monthly bills shall be sent to the Debtor at the address listed on the bankruptcy petition or such other address as the Debtor shall instruct by change of address procedures established by the holder of the secured claim or its agent, shall be in the form sent to other borrowers (e.g., detachable payment receipts and return envelopes) and shall be mailed to the Debtor no later than eighteen (18) days before the due date of any monthly installment payment. Failure of the holder of a secured claim, or its agent to comply with the provisions of this order shall entitle the Debtor to seek all appropriate remedies, including civil contempt, damages, or monetary or non-monetary sanctions.

13. Retention of Jurisdiction. This Court shall retain jurisdiction over all matters arising out of, and related to, the Plan, this Order and the Chapter 11 case, as set forth in the Plan or as otherwise allowed by law.

14. Administrative Closure. The case shall be administratively closed on or after the Effective Date pursuant to the granting of a motion filed by the Debtor after the disposition of claim objections, professional fee applications, and any other pending matter.

15. Motion to Administratively Reopen Individual Chapter 11 Case for Entry of Discharge and Final Decree. Upon the completion of Plan payments required to be made to holders of allowed priority and unsecured claims, if the case has been administratively

closed, the Debtor shall promptly file a Motion to Administratively Reopen and for Entry of Discharge ("Motion to Reopen"), except to the extent a discharge order already shall have issued pursuant to 11 U.S.C. § 1141(d)(5)(B) or (C).

###

Order Submitted by
Dean W. Greer
Law Offices of Dean W. Greer
2929 Mossrock, Suite 117
San Antonio, Texas 78230
Telephone No. 210.342.7100
Facsimile No. 210.342.3633
Email: dwgreer@sbcglobal.net
**Attorney for Debtor**